1

2

3

4

5

6            IN THE UNITED STATES DISTRICT COURT

7

8            FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10   EDWARD JOHN AULT,                        No. C 10-4987 WHA (PR)

11              Petitioner,                   **ORDER OF DISMISSAL**

12     vs.

13   CALIFORNIA DEPARTMENT OF
     CORRECTIONS,
14
                Respondent.
15   _____/

16

17                              **INTRODUCTION**

18         Petitioner, a state parolee, has filed a <u>pro se</u> petition for a writ of habeas corpus under 28

19   U.S.C. 2254 challenging the imposition of certain conditions on his parole pursuant to

20   California's Sexually Violent Predator Act ("SVPA").  *See* Cal. Welfare & Inst. Code §§ 6600-

21   6609.3.  He has paid the filing fee.

                                    **STATEMENT**
22
           According to the petition, petitioner was convicted in Santa Clara County Superior
23
     Court of felony drunk driving.  He was placed on probation, but he violated the terms of his
24
     probation and was sentenced to a term of sixteen months in state prison.  He was thereafter
25
     granted parole, but before he was released, the California Department of Corrections and
26
     Rehabilitation placed  hold on him pursuant to the SVPA based upon a 1991 sex offense.  He
27
     has since been released from prison and his serving his three-year parole term, but he continues
28
     to be subject to certain conditions of his parole pursuant to the SVPA, such as reporting to a

     parole officer in San Jose and not entering into a relationship with someone who has a minor

**United States District Court**
For the Northern District of California

child.

The attachments to the petition indicate that petitioner has previously filed a habeas petition in the California Supreme Court, which was denied recently.

**ANALYSIS**

**A.   STANDARD OF REVIEW**

Upon the filing of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3), a court should "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.

**B.   LEGAL CLAIM**

Petitioner claims that the imposition of conditions on his parole pursuant to the SVPA violates his rights under the Double Jeopardy Clause because he was already punished for his 1991 sex offense.  The United States Supreme Court has rejected challenges on Double Jeopardy and Ex Post Facto grounds to a similar sexual offender statute because of the civil nature of the statute.  *Seling v. Young*, 531 U.S. 250 (2001).  In addition, the California Supreme Court rejected such challenges to the SVPA because it is a civil statute.  *Hubbart v. Superior Court*, 19 Cal. 4th 1138 (1999); *see also Hydrick v. Hunter*, 500 F.3d 978, 993 (9th Cir. 2007) *rev'd on other grounds*, 129 S. Ct. 2431 (2009) (discussing *Seling* and *Hubbart* in holding that civil nature of  SVPA means challenges to its application under Double Jeopardy and Ex Post Facto Clauses are foreclosed, even if individuals argue statute is punitive "as applied" to them). In light of this authority, petitioner's claims that the application of provisions of the SVPA to him violate his rights under the Double Jeopardy Clause are foreclosed because the SVPA is a civil statute.  Accordingly, he has failed to state a cognizable claim for federal habeas relief.

**CONCLUSION**

For the foregoing reasons, the petition for a writ of habeas corpus is **DISMISSED** for failure to state a cognizable claim for relief.

Rule 11(a) of the Rules Governing Section 2254 Cases now requires a district court to rule on whether a petitioner is entitled to a certificate of appealability in the same order in

United States District Court

For the Northern District of California

2

1  which the petition is denied.  Petitioner has failed to make a substantial showing that his claims

2  amounted to a denial of his constitutional rights or demonstrate that a reasonable jurist would

3  find the denial of his claim debatable or wrong.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

4  Consequently, no certificate of appealability is warranted in this case.

5       The clerk shall close the file.

6       **IT IS SO ORDERED.**

7

8  Dated: November ____30____, 2010.

9                   WILLIAM ALSUP
                 UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17  G:\PRO-SE\WHA\HC.10\AULT4987.DSM.wpd.

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California